UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. **3:26 cr 020** |
| Plaintiff, | : | |
| | : | **I N D I C T M E N T**   THOMAS M. ROSE |
| v. | : | |
| | : | 18 U.S.C. § 1512(c)(1) |
| 1. SHANDONG BELIEVE CHEMICAL COMPANY PTE LTD. | : | 18 U.S.C. § 1956(h) |
| | : | 18 U.S.C. § 2339B |
| | : | 21 U.S.C. § 846 |
| | : | FORFEITURE |
| 2. SHANDONG RANHANG BIOTECHNOLOGY CO. LTD. | : | |
| | : | |
| 3. HANSON ZHAO | : | |
| | : | |
| 4. GAO YANPENG | : | |
| | : | |
| 5. XIA YI | : | |
| | : | |
| 6. ZHANG JIAN | : | |
| | : | |
| 7. WANG ZHAOLAN | : | |
| | : | |
| 8. ZHANG CHUNHAI, | : | |
| | : | |
| Defendants. | : | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 846 and 841(b)(1)(A)]

I.   INTRODUCTION

1.   At all times relevant to this Indictment:

a.    Based in the People's Republic of China, defendants SHANDONG BELIEVE CHEMICAL COMPANY PTE LTD. (1)[1] and SHANDONG RANHANG BIOTECHNOLOGY CO. LTD. (2) were businesses that purported to operate as online pharmacies or chemical companies that sold legitimate pharmaceuticals and chemical compounds around the world.  In reality, defendants SHANDONG BELIEVE CHEMICAL COMPANY PTE LTD. (1) and SHANDONG RANHANG BIOTECHNOLOGY CO. LTD. (2) (collectively, "the SHANDONG COMPANIES") knowingly marketed, sold, and exported to the United States and elsewhere precursor chemicals, compounds, and substances (collectively, "precursor chemicals") that they intended for the illegal production, manufacture, and ultimate distribution of fentanyl to drug traffickers in this country.  The SHANDONG COMPANIES also knowingly marketed, sold, and exported to the United States mixing agents (also known as "cut") that they intended to increase the yield and potency of fentanyl planned for distribution in the United States.

b.    Defendants HANSON ZHAO (3), GAO YANPENG (4), XIA YI (5), ZHANG JIAN (6), WANG ZHAOLAN (7), and ZHANG CHUNHAI (8) (collectively "the INDIVIDUAL DEFENDANTS") were Chinese

---

[1] The indictment identifies each individual or corporate entity by defendant name and defendant number.

nationals who knowingly assisted and facilitated the SHANDONG COMPANIES's efforts to sell and to export to the United States and elsewhere precursor chemicals for the illegal production, manufacture, and ultimate distribution of fentanyl to drug traffickers in this country.  The INDIVIDUAL DEFENDANTS also intentionally facilitated the sale and shipment of cut to the United States as well the collection and distribution of proceeds generated from the SHANDONG COMPANIES's illegal drug trafficking activity.

   c. The Cártel del Golfo, also known as the Gulf Cartel or CDG, is a violent transnational organization based in northeast Mexico involved in drug trafficking, kidnapping, extortion, human smuggling, and other illegal activities.  The Cártel del Golfo employs violence, including assassinations of civilians and government officials, to intimidate the public and control territory.  On or about February 20, 2025, the United States Secretary of State designated the Cártel del Golfo as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act.  The Cártel del Golfo numbered among the drug traffickers and drug trafficking organizations to whom the SHANDONG COMPANIES and the INDIVIDUAL DEFENDANTS intended to sell and to export precursor chemicals and cut

planned for use in the manufacture and production of fentanyl destined for distribution in the United States.

## II.  THE CONSPIRACY

2.  Between a beginning date unknown, but at least by in or around 2025, and in or around March 2026, in the Southern District of Ohio, and elsewhere, defendants SHANDONG BELIEVE CHEMICAL COMPANY PTE LTD. (1), SHANDONG RANHANG BIOTECHNOLOGY CO. LTD. (2), HANSON ZHAO (3), GAO YANPENG (4), XIA YI (5), ZHANG JIAN (6), WANG ZHAOLAN (7), ZHANG CHUNHAI (8), and others unknown to the Grand Jury knowingly and intentionally conspired to manufacture, to possess with intent to distribute, and to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## III. MANNER AND MEANS OF THE CONSPIRACY

3.  The conspiracy operated, and was designed to operate, in the following manner:

a.  Drug traffickers and their organizations predominately have shifted their illegal operations to the manufacture, production, and sale of synthetic controlled

substances such as fentanyl.  Drug traffickers' reliance on the distribution of synthetic drugs stems from the relative ease and cost efficiency of producing this type of controlled substance. That ease and efficiency, however, turns on the ability of drug traffickers to maintain steady access to chemical precursors necessary to complete the fentanyl manufacturing process. Multiple foreign businesses – including the SHANDONG COMPANIES – have stepped forward to supply these chemical precursors even though these entities understood that drug traffickers intended to use these materials to manufacture fentanyl.

b.      After producing fentanyl with these chemical precursors, drug traffickers increase the quantity of retail doses of this controlled substance available for sale through a process known as "cutting".  During the cutting process, drug traffickers mix additional substances or "cut" with fentanyl, intending to increase the yield of this drug available for resale.  While drug traffickers historically used inert or neutral cut ranging from baby powder to creatine to increase the quantity of fentanyl available for sale, these substances diluted the potency of the drug and caused customers to complain about the quality of the product.  Drug traffickers began searching for new cutting agents that not only multiplied the

fentanyl yield but also maintained (if not increased) its strength, which, in turn, would drive up demand for this illegal product.  Based on marketing from companies predominately in east Asia – including the SHANDONG COMPANIES - drug traffickers learned that these foreign businesses had for sale and shipment to the United States various chemical compounds including medetomidine (an animal tranquilizer unapproved for human consumption in the United States) that accomplished that objective.

c.    To help traffickers of illegal drugs advance their twin goals of manufacturing fentanyl and increasing its yield, the SHANDONG COMPANIES – namely, SHANDONG BELIEVE CHEMICAL COMPANY PTE LTD. (1) and SHANDONG RANHANG BIOTECHNOLOGY CO. LTD. (2) – openly marketed, sold, and delivered to the United States various chemical precursors that they intended for domestic and foreign drug traffickers – including the Cártel del Golfo – to use in the manufacture and production of fentanyl for ultimate distribution in this country.  On other occasions, the SHANDONG COMPANIES marketed, sold, and delivered to the United States cutting agents such as medetomidine that they knew drug traffickers here intended to mix with fentanyl to increase the yield of that controlled substance.  For example, one kilogram

of medetomidine effectively transforms a single kilogram of fentanyl and inert cut into dozens of kilograms of fentanyl mixture bound for street-level sales in this country.

d.    To facilitate these sales of chemical precursors and cut, the SHANDONG COMPANIES used a series of foreign nationals – including various INDIVIDUAL DEFENDANTS – to solicit customers on their behalf, to negotiate the sale of their illegal cutting agents, and to secure payments for this contraband.  For instance, through various social media and communication platforms, defendant HANSON ZHAO recruited for the SHANDONG COMPANIES customers that he believed to be drug traffickers.  Defendant HANSON ZHAO then promoted to these purported drug traffickers, including, but not limited to the Cártel del Golfo, lists of chemical precursors and cutting agents that the SHANDONG COMPANIES had available to assist them manufacture and cut fentanyl.  After negotiating the type and quantity of chemical precursor or cutting agent as well as its purchase price, defendant HANSON ZHAO, on behalf of the SHANDONG COMPANIES, caused hundreds of kilograms of these materials to be shipped to Mexico and the United States, including southern Ohio, via international cargo ships, international freight, and domestic common carriers.  In taking these steps on behalf of

the SHANDONG COMPANIES, defendant HANSON ZHAO knew that he and the business entities whom he represented were assisting drug traffickers manufacture, produce, and distribute controlled substances, including fentanyl, in the United States and elsewhere.

e.   To secure payments for its delivery of these precursors and cutting agents, the SHANDONG COMPANIES as well as defendant HANSON ZHAO directed purported drug traffickers to transfer cryptocurrency to various crypto wallets under their control and that of various INDIVIDUAL DEFENDANTS.  On other occasions, the SHANDONG COMPANIES as well as defendant HANSON ZHAO ordered the buyer to direct payments for cutting agents through traditional bank and financial accounts held by and under their control.

f.   Upon receiving from purported drug traffickers in the United States and elsewhere the cryptocurrency payments for the chemical precursors and cut, the SHANDONG COMPANIES transferred these funds through a series of crypto wallets and bank accounts that their various agents, including defendants GAO YANPENG (4), XIA YI (5), ZHANG JIAN (6), WANG ZHAOLAN (7), and ZHANG CHUNHAI (8) knowingly and intentionally held to facilitate the movement of these digital assets until these

Page **8** of **15**

funds could be converted into foreign currency bound for international banks.  In this manner, defendants GAO YANPENG (4), XIA YI (5), ZHANG JIAN (6), WANG ZHAOLAN (7), and ZHANG CHUNHAI (8) intended to help the SHANDONG COMPANIES conceal the source of these illegal funds and prevent their seizure by the United States.

g.    In this manner, defendants SHANDONG BELIEVE CHEMICAL COMPANY PTE LTD. (1), SHANDONG RANHANG BIOTECHNOLOGY CO. LTD. (2), HANSON ZHAO (3), GAO YANPENG (4), XIA YI (5), ZHANG JIAN (6), WANG ZHAOLAN (7), and ZHANG CHUNHAI (8) worked together to sell and to export illegally into the United States and elsewhere dozens of kilograms of chemical precursors and cutting agents they that intended for domestic drug dealers and others, including the Cártel del Golfo, to use to manufacture and to produce fentanyl intended for distribution in this country.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

COUNT TWO

[18 U.S.C. § 2339B]

4.    The Grand Jury realleges and incorporates herein by reference Paragraphs 1(a)-(c) and 3(a)-(g) as set forth in full.

5.    From between in or around September 2025 and in or around March 2026, in the Southern District of Ohio, and elsewhere, defendants SHANDONG BELIEVE CHEMICAL COMPANY PTE LTD. (1), SHANDONG RANHANG BIOTECHNOLOGY CO. LTD. (2), and HANSON ZHAO (3) knowingly attempted to provide material support and resources – namely, property, including chemical precursors and compounds, and services – to a foreign terrorist organization ("FTO") – namely, the Cártel del Golfo that was designated by the United States Secretary of State as an FTO pursuant to Section 219 of the Immigration and Nationality Act on February 20, 2025 and at all times relevant to this Indictment – knowing that the Cártel del Golfo was a designated FTO, and that the organization engages and has engaged in terrorist activity and terrorism.

In violation of Title 18, United States Code, Section 2339B.

## COUNT THREE

[18 U.S.C. § 1956(h)]

6.    The Grand Jury realleges and incorporates herein by reference Paragraphs 1(a)-(c) and 3(a)-(g) as set forth in full.

7.    Between a beginning date unknown, but at least by in or around 2025, and in or around March 2026, in the Southern District of Ohio, and elsewhere, defendants SHANDONG BELIEVE CHEMICAL COMPANY PTE LTD. (1), SHANDONG RANHANG BIOTECHNOLOGY CO. LTD. (2), HANSON ZHAO (3), GAO YANPENG (4), XIA YI (5), ZHANG JIAN (6), WANG ZHAOLAN (7), ZHANG CHUNHAI (8), and others known and unknown to the Grand Jury knowingly conspired to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, namely:

a.    to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity – namely, conspiracy to manufacture, to distribute, and to possess with intent to distribute controlled substances in violation of Title 21, United States Code, Section 846 – in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b.    to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds from a place in the United States to and through a place outside the United States knowing that the funds involved in the transportation, transmission, and transfer represent the proceeds of some form of unlawful activity – namely, conspiracy to manufacture, to distribute, and to possess with intent to distribute controlled substances in violation of Title 21, United States Code, Section 846 – and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity – namely, conspiracy to manufacture, to distribute, and to possess with intent to distribute controlled substances in violation of Title 21, United States Code, Section 846 – in violation of Title 18, United States Code, Section 1956(a)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR

[18 U.S.C. § 1512(c)(1)]

8.    In or around March 2026, in the Southern District of Ohio, and elsewhere, defendant HANSON ZHAO (3) corruptly attempted to alter, destroy, mutilate, and conceal an object – namely, certain messages to a purported drug trafficker – with the intent to impair their integrity and availability for use in an official proceeding.

In violation of Title 18, United States Code, Section 1512(c)(1).

## FORFEITURE ALLEGATION ONE

Upon conviction of the offense set forth in Count One of this Indictment, defendants SHANDONG BELIEVE CHEMICAL COMPANY PTE LTD. (1), SHANDONG RANHANG BIOTECHNOLOGY CO. LTD. (2), HANSON ZHAO (3), GAO YANPENG (4), XIA YI (5), ZHANG JIAN (6), WANG ZHAOLAN (7), and ZHANG CHUNHAI (8) shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to

Page **13** of **15**

commit, or to facilitate the commission of, such violation(s), including but not limited to the following:

- Cryptocurrency held in a Binance account, associated with UID ending in 8487 and registered to WANG ZHAOLAN (7) holding approximately $26,000 USD.

## FORFEITURE ALLEGATION TWO

Upon conviction of the offense set forth in Count Three of this Indictment, defendants SHANDONG BELIEVE CHEMICAL COMPANY PTE LTD. (1), SHANDONG RANHANG BIOTECHNOLOGY CO. LTD. (2), HANSON ZHAO (3), GAO YANPENG (4), XIA YI (5), ZHANG JIAN (6), WANG ZHAOLAN (7), and ZHANG CHUNHAI (8) shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property including, but not limited to, the specific property named in Forfeiture Allegation One and a forfeiture money judgment in the amount of money involved in the offense.

SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), or as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL

S/ Foreperson
Foreperson

DOMINICK S. GERACE II
United States Attorney

BRENT G. TABACCHI
ELIZABETH L. McCORMICK
Assistant United States Attorneys